UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DANIEL ELLIS and CHRISTY ELLIS, <br><br> Plaintiffs, <br><br> v. <br><br> SHELTER MUTUAL INSURANCE COMPANY OF COLUMBIA, MISSOURI, <br><br> Defendant. | Case No. 1:18-cv-00063 <br><br> Magistrate Judge Frensley <br> Magistrate Judge Newbern (settlement) |

## **ORDER**

Pursuant to the Court's Order (Doc. No. 15), this matter has been referred to the undersigned magistrate judge for a settlement conference. That the settlement conference will take place on **February 13, 2019, at 9:00 a.m.**

Confidential settlement conference statements in conformity with the instructions below shall be submitted on or before **3:00 p.m. on February 12, 2019.** The parties shall adhere to the following procedure for submitting their settlement conference statements:

1. If they have not already done so, the parties shall exchange offers and demands by no later than **February 11, 2019.** The parties shall continue to engage in settlement discussions as appropriate thereafter.

2. By no later than **February 12, 2019, at 3:00 p.m.,** Plaintiff and Defendant shall deliver separate settlement conference statements to Ms. Tina McDonald, Courtroom Deputy, Room 797, U.S. Courthouse, 801 Broadway, Nashville, TN, or by email to christina_mcdonald@tnmd.uscourts.gov. These statements shall be submitted ex parte and under seal. They should not be served on the other parties. **No party shall file its statement with the Court, including by electronic filing or filing in the Court's night depository.**

3. Each statement shall contain a summary of the facts of the case and the party's theory of liability or defense. This statement need not be as detailed as a pretrial brief, but any critical facts, evidence, or legal authority upon which the party intends to rely should be

1

cited or provided. The statement is a vehicle for candor, not advocacy. Nothing in the manner of a jury speech shall be included.

<u>For Plaintiff</u>: Identify the prima facie elements of your claim(s) for purposes of establishing liability and summarize the evidence that exists to prove those elements. If damages are sought, provide an itemization of estimated damages.

<u>For Defendant</u>: If liability is contested, identify which elements of Plaintiff's prima facie case are contested and summarize the evidence to put these matters in issue at trial. Discuss separately any affirmative defenses and any supporting evidence.

4. Counsel shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion of each party's likelihood of success on the merits. This opinion may be expressed as a percentage reflecting odds of success or otherwise.

5. Each statement shall include an account of litigation costs to date, including attorney's fees, and an assessment of the projected costs of proceeding to trial.

6. Each statement shall contain a summary, based upon counsel's full discussion with the client, of the primary points of contention from the client's perspective and the client's interests in settlement and/or in proceeding to trial.

7. Each statement shall include an assessment of whether there are any factors or circumstances outside the legal action that may influence the settlement negotiations or should otherwise be considered as part of the discussion.

8. Each statement shall recount, with specificity, any settlement discussions to date.

9. Any documents upon which a party intends to rely in discussions should be provided with the statement. Unless the documents have already been provided in discovery or are subject to a claim of privilege or work product (which should be clearly indicated), the documents should also be provided to opposing counsel before the settlement conference. The statement itself should *not* be provided.

10. If Defendant intends to assert that its financial circumstances limit its ability to settle, Defendant shall provide documentation to support that assertion.

11. At least one attorney representing each party shall participate in the pre-settlement-conference call. The Magistrate Judge will address the format of the settlement conference generally and will have ex-parte individual conversations with counsel for each party.

12. A settlement conference in this action shall be held on **February 13, 2019, at 9:00 a.m.,** in Courtroom 776, U.S. Courthouse, 801 Broadway, Nashville, Tennessee. The parties

and their counsel should not schedule any other commitments on this date and should be prepared to spend the entire day in the settlement conference, if necessary.

13. **The Plaintiff and the Defendant or its representative with full settlement authority shall be present.** The parties are advised that, unless otherwise specifically ordered, failure to be present with full settlement authority could result in the imposition of sanctions pursuant to Federal Rule of Civil Procedure 16(f). Full settlement authority means that Plaintiff, Defendant, or a representative does not need authority from any other individual or source to enter into any settlement agreement. The parties must have total independent authority to enter into any settlement agreement reached.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge